## Eureka Elastic Paint Co. v. James Pease, Sheriff.

1. APPELLATE COURT PRACTICE—*What the Abstract Must Show.*—
Whatever is relied upon as error should be shown in the abstract.

**Replevin.**—Motion to reinstate a case upon the docket in the Circuit
Court of Cook County. Motion denied. Appeal. Heard in this court
at the October term, 1898. Affirmed. Opinion filed May 8, 1899.

H. C. BENNETT and BUTLER, FLETCHER & MAINE, attor-
neys for appellant.

KNECHT & BULLARD, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This is a replevin suit, which was begun by writ return-
able to the November term, 1897. On February 19, 1898,
the court granted a motion to set the cause for trial, and it
was placed at the foot of the trial call of March 10, 1898.

On March 29, 1898, it was reached and dismissed upon
motion of appellee, the defendant below, for want of prose-

cution. On April 9, 1898, appellant presented a motion to vacate the judgment of March 29th, and to reinstate the cause upon the docket. This motion was denied. The only error assigned is the calling of the cause for trial out of its order, or, in other words, advancing the cause improperly.

The abstract does not purport to show the proceedings had in relation to the advancing of the hearing, except to this extent, viz.:

"Motion by defendant to set cause for trial. Motion denied. Motion entered and continued, to be taken up on five days notice. Motion of December 8, 1897, called up February, 19, 1898. Motion granted and cause ordered to be set for trial at foot of trial call March 10, 1898."

It is impossible to determine from the abstract as to whether the court advanced the hearing under the provisions of section 18 of the practice act, applicable to suits in replevin, or under section 17 of the same act, and upon good and sufficient cause shown.

If we go to the record itself for information, we learn from the bill of exceptions that the motion to set the cause down for hearing was entered at the November term, which was the return term, and continued. The reason for the setting of the cause later than the November term, when appellee was entitled, under the provisions of section 18, to have it heard, appears to have been a matter of convenience of the judge, due to some uncertainty as to the work which he would take up.

We think that the appellee, upon this state of facts, was entitled to a hearing at the earliest convenience of the court after the November term, when it was demanded as of right.

The denial of this motion of right at the November term ought not to operate to prevent its being granted as soon thereafter as was possible.

There was no error in the order setting the cause for hearing.

The judgment is affirmed.